The League of Women Voters and two tax payers, Nancy Turner and Betty Wisdom, apply for supervisory writs from an adverse judgment of the Civil District Court for the Parish of Orleans, dismissing their mandamus petitions. Because this matter is summary in nature and because this matter is concerned with the imposition of taxes for the forthcoming year, we have considered the application for writs on its merits rather than dismiss it because a remedy is afforded by appeal.
Applicants brought suit against the City of New Orleans, The Orleans Levee Board, and a number of public officials, seeking a writ of mandamus to issue against them ordering the performance of a ministerial duty set out in Act 617 of the Louisiana Legislature of 1977, as amended by Acts 1 and 614 of 1978. The Act was passed to implement the constitutional mandate imposed in Article VII, § 23 of the Constitution of Louisiana of 1974 which imposed the duty, after reassessment of all real property within the State of Louisiana, of the recom-putation of ad valorem tax millages to establish maximum authorized millages. A number of exceptions were filed against these petitions contesting the right of the petitioners to bring this proceeding, amongst which were exceptions leveled at the right to use a mandamus proceeding because the actions in question were not ministerial duties of the defendants, but discretionary. The trial judge ruled that mandamus was not a proper proceeding and dismissed petitioners’ suit. The correctness of that judgment is the only issue before us.
It is readily apparent that the statute imposes a number of ministerial duties upon the various defendants. However, the showing made on this application for writs convinces us that the basic purpose of plaintiffs’ suit is to require the City of New Orleans and the Orleans Levee Board to impose additional taxes for the year 1979 in accordance with § 5 of the Act. In order to achieve the result sought, the applicants propose to us an interpretation of that section, which, in our opinion, would cause that section to be contrary to the provisions of the Constitution that the act was designed to implement.
Article VII, § 23 of the Constitution of 1974[1] requires that all of the property subject to ad valorem taxes in Louisiana be assessed at fair market value and that the tax millages be readjusted to provide the taxing authorities with the same amount of revenue. Recognizing that the various taxing authorities had constitutional limitations upon the maximum amount of mills *1190 authorized for ad valorem tax purposes, the redactors of the 1974 Constitution recognized that some adjustments may be necessary in connection with the maximum authorized millage. They thus provided in § 23 the authority to adjust the millages based upon the new assessed valuation and the amount of revenue collected by the authority in the year preceding implementation and with that as base compute a new maximum authorized millage without further voter approval. See for reference the limits imposed upon various authorities in Article VI of the 1974 Constitution, § 26 Parishes, § 27 Municipalities generally, § 32 Special Districts, § 39 Levee Districts. We note that Article VII, § 23 does not require the imposition of that maximum authorized millage that is computed, but simply says that “[tjhereafter, such millages shall remain in effect unless changed as permitted by this Constitution.” From a reading of the various sections referred to, we note that a taxing authority still possesses the power to impose a millage levy below that maximum figure, but not in excess of it. See also Art. 7 § 22.
The Statute in question does not of course have the same effect as the Constitution, although enacted apparently to implement and clarify the provisions of § 23. Section 5 of the amended Act provides for a recomputation of the new maximum millag-es in the event the taxes were over-levied or under-levied by 1% or more on the 1978 tax rolls because of errors in the first computation. The applicants contend to us that each tax recipient body must impose that recomputed millage for 1979 and subsequent years together with an additional adjustment for 1979 to compensate for deviations of 1% or more. We do not so interpret the Act, for to do so would cause it to be in derogation of the Constitution. We note that the Act[2] states only that each tax recipient body is directed to use the recomputed maximum millages in order to levy millages for 1979 and subsequent years. It does not direct that that millage be actually imposed. If it is interpreted to read that it does direct that that millage be imposed, then the tax recipient body would always be in a position of having to levy the maximum authorized millage and could never impose a lesser millage without regard to its need of additional tax revenue. As the Louisiana Supreme Court stated in the case of Cities Service Oil Company v. Carter, 247 La. 974, 175 So.2d 288 (La.1965), at 175 So.2d 291:
“Taxes are levied because they are necessary to defray the expenses of government and not for the purpose of enriching the public treasury. Taxing authorities, therefore, will not be permitted to levy taxes faster than they are likely to be needed. An unnecessary accumulation of money in the public treasury is unjust, impolitic and against the policy of the law.”
* * * * * *
“This court has adhered to the fundamental legal tenet that public bodies ‘have no warrant to collect by way of taxation any greater amount than is necessary for their needs and thereby build up an unnecessary surplus.’ Ascension Red Cypress Co. v. New River Drainage District, 175 La. 300, 143 So. 270, 272 (1932).”
We conclude therefore that the Constitutional interpretation of Section 5 is that the adjustments contained therein set out an authority permitting the tax recipient body to institute the maximum autho *1191 rized millage as the actual millage levied, together with the additional adjustment for 1979, but that the tax recipient body still retains its authority to levy a lesser tax millage if it is sufficient to meet its requirements. At the same time it would appear by the same interpretation of Section 23 that if the tax recipient authority exceeded the collection of taxes authorized, then an adjustment, reducing millages levied for 1979 only, would be constitutionally necessary to compensate for over-levy.
Being of the opinion that the tax recipient body has the authority and discretion to impose less than the constitutionally maximum authorized millages, we do not believe that the courts can by mandamus require them to increase taxes to the maximum authorized tax permitted. Since that is the end result sought by the writ of mandamus in this case against the City of New Orleans and the Levee Board, we conclude that proceeding by mandamus against these defendants is unauthorized. Accordingly, we agree with the judgment rendered insofar as it dismisses the mandamus proceeding against the City of New Orleans, its Mayor and City Council, and the Orleans Levee Board.
At this time it is pertinent to point out that the issues before us are rather limited in scope, and are confined to the validity of the judge’s decision holding that mandamus is not a proper proceeding available to plaintiffs. We do not pass upon any other issues that may have been presented in the trial court and not ruled upon.
Within those confines, we move to consideration of the relief sought against the other defendants, the assessors and the legislative auditor.
Petitioners pray for a writ of mandamus directing the defendant assessors to furnish a correct statement of taxable properties in accordance with Section 4 of Act 617 of 1977. The statute in that and other sections, Sections 1 and 5, imposes specific mandatory duties upon the assessors to furnish certain assessed valuation of all taxable property. There is no discretion afforded the assessor in that statute or in the constitutional provisions that it purports to implement. The only problem presented is one of timing, that is, that the dates for submission of certain assessed valuations have now passed. For that reason it would appear that the court could not order compliance with something required to be done at some prior date. Nevertheless, the valuation sought is the valuation required to be constitutionally used to compute the maximum authorized millage not only for the enumerated years, but for future years. It is conceded by the parties that there is a serious question as to the proper assessed valuation to be used as a basis for computations of the maximum millage, and we hold that this issue is important enough to stand alone as a measure of relief to be afforded plaintiffs. This is particularly so when we recognize that the matter is before us only on preliminary pleadings relative to the right to seek any relief whatsoever in this fashion.
Accordingly, we conclude that the petitioners do state a proper basis for proceeding in mandamus against the defendant assessors, and the trial judge’s opinion should be reversed to that extent.
Passing now to the matter of the legislative auditor, he similarly is required mandatorily to take certain actions within the confines of Act 617 of 1977. However, the relief sought against him is to require him to order the millage adjustment for 1979 only in the event that the tax recipient body does not. Having held that tax imposition to be a discretionary duty of the tax recipient body, similarly we say that the legislative auditor could not be directed to order such an imposition. We affirm dismissal as to him.
Accordingly, for the reasons assigned, we find no error in the ruling of the trial judge dismissing plaintiffs’ mandamus petition against the City of New Orleans, its City Council and its Mayor, against the Orleans Levee Board and against the legislative auditor. We dismiss the application for supervisory writs to that extent.
*1192 We grant a peremptory writ of mandamus directed to the Honorable Henry J. Roberts, Judge, Div. F., Civil District Court for the Parish of Orleans, ordering the reversal of that portion of his judgment dismissing the mandamus petition of plaintiffs against the defendant assessors of the Parish of Orleans, ordering the entry of judgment in favor of plaintiffs overruling the exception to the petition in mandamus, and remanding for further proceedings in due course.

WRITS DENIED IN PART and GRANTED IN PART.

. “§ 23. Adjustment of Ad Valorem Tax Mil-lages
“Section 23. Prior to the end of the third year after the effective date of this constitution, the assessors and the Louisiana Tax Commission or its successor shall complete determination of the fair market value or the use value of all property subject to taxation within each parish for use in implementing this Article. Except as provided in this Paragraph, the total amount of ad valorem taxes collected by any taxing authority in the year in which Sections 18 and 20 of this Article are implemented shall not be increased or decreased, because of their provisions, above or below ad valorem taxes collected by that taxing authority in the year preceding implementation. To accomplish this result, it shall be mandatory for each affected taxing authority, in the year in which Sections 18 and 20 of this Article are implemented, to adjust millages upwards or downwards without regard to millage limitations contained in this constitution, and the maximum authorized mil-lages shall be increased or decreased, without further voter approval, in proportion to the amount of the adjustment upward or downward. Thereafter, such millages shall remain in effect unless changed as permitted by this constitution. Nothing herein shall prohibit a taxing authority from collecting, in the year in which Sections 18 and 20 of this Article are implemented or in any subsequent year, a larger dollar amount of ad valorem taxes by (a) levying additional or increased millages as provided by law; (b) placing additional property on the tax rolls; or (c) increases in the fair market or use value of property after the first determination of that value to implement this Article. This Section shall not apply to millag-es required to be levied for the payment of general obligation bonds.” [Our underscoring emphasizes that the no-change requirement is not an absolute as plaintiffs suggest, and does not prohibit a taxing authority from levying for other reasons a less-than-maximum millage resulting in lower than maximum collections.]

. “Section 5. Should the information furnished by the assessor as required in Section 4 of this Act indicate that taxes were over-levied or under-levied by one percent or more on the 1978 tax roll because of errors in the information furnished as a result of Section 1 of this Act, then each tax recipient body is hereby directed to recompute and determine the millages that should have been levied on the 1978 tax rolls in compliance with Article VII, Section 23 of the Louisiana Constitution of 1974. Each tax recipient body is further directed to use the mil-lages obtained by such recomputation to levy millages for 1979 and subsequent years. An additional adjustment for 1979 only shall be made if necessary to compensate for any deviations of one percent or more from the amounts that should have been levied on the 1978 tax roll.”