*1193 This writ application is a companion application to that of the League of Women Voters of New Orleans, Nancy Turner and Betty Wisdom, Docket # 10,870, 375 So.2d 1187 and arising out of the same case.
This application for supervisory writs is brought by the seven assessors of the City of New Orleans, seeking the exercise of our supervisory jurisdiction to examine as to the validity of a judgment of the Civil District Court for the Parish of Orleans dismissing their third party demands. Briefly, the procedural situation is that the League of Women Voters and two tax payers instituted a proceeding in mandamus against the City of New Orleans, the City Council and Mayor, the Orleans Levee Board, the legislative auditor and the seven assessors of Orleans Parish, seeking to order performance of alleged ministerial duties of all of these defendants as directed in Act # 617 of 1977 as amended. The assessors answered this petition and filed a pleading entitled “Third Party Petition”, in which they sought relief by way of mandamus under the same Act against the other defendants. After hearing on exceptions, the trial court decided that a proceeding in mandamus was not authorized and dismissed the petition of the original plaintiffs, and at the same time dismissed the third party petition of the assessors. We believe the dismissal of the assessors’ third party petition to be erroneous and we grant a peremptory writ of mandamus.
An examination of the assessors’ third party petition shows that it is not a usual type of third party demand wherein a defendant faces a prospective judgment against him which he in turn may assert against other parties for relief from the effect of that judgment. This petition is an independent proceeding for relief, and in fact, for relief of a different sort, than that requested in the original petition. In brief, this petition recites that there has been noncompliance with the mandatory computation of maximum authorized millage as required by Act 617 of 1977 and Article VII, § 23 of the Constitution of Louisiana of 1974. As a result of the alleged miscompu-tation, the adjusted maximum tax millages are too high, and the assessors request that the tax recipient body and others be required to perform their ministerial duty of making the correct computation and imposing the correct millage, not in excess of the maximum.
We have discussed in the companion application what we believe to be the correct interpretation of the statute in accordance with the constitutional guidelines, and we refer to that discussion as being pertinent here. Neither the Constitution nor the statute permit the tax recipient body to impose greater tax millages than those authorized after computation according to the formula set out therein. The basis of this demand is that the tax recipient body had computed the amount erroneously, thus imposing a greater tax millage than would be permitted by the authorized computation. Since that computation is the standard by which maximum millages are assessed for this and future years, it is necessary that proper computations be made in order to satisfy the constitutional mandate.
As we pointed out in the companion application, there is some apparent difficulty because of the passage of the allotted time for the ministerial duties of the various officials to have been accomplished. Nevertheless, because the computation is required to be used as the maximum allowable millage for this and future years, mandamus is still available as a remedy. Accordingly, we are of the opinion that the judgment dismissing the third party petition of the assessors for the Parish of Orleans is erroneous.
We grant a peremptory writ of mandamus directed to the Honorable Henry J. Roberts, Judge, Division “F”, Civil District Court for the Parish of Orleans, ordering the reversal of that portion of his judgment dismissing the third party petition of Lawrence A. Comiskey, Jr., et al., assessors of the Parish of Orleans, ordering the entry of judgment in their favor overruling the exceptions to the third party petition in mandamus, and remanding for further proceedings in due course.
*1194 Peremptory writ granted, judgment reversed, matter remanded.